IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BILL and EDITH RAMSEY                                                              PLAINTIFFS

VS.                                          CASE NO. 4:07CV00790

SOUTHEASTERN EMPLOYEE BENEFIT
SERVICES, INC., FIRST CHARTER
CORPORATION, PAYCHEX, INC., and
STEPHENS INC. d/b/a STEPHENS
CAPITAL MANAGEMENT                                                                 DEFENDANTS

**ORDER**

Pending is the Plaintiffs' Motion to Remand, docket #12. Defendants have filed responses and the Court held a hearing on the pending motion on November 6, 2007. Plaintiffs' motion to remand is denied for the reasons set forth below.

"In reviewing a motion to remand, the district court must strictly construe the removal statute against the party seeking removal and resolve all doubts as to the propriety of federal jurisdiction in favor of state court jurisdiction." *Masepohl v. American Tobacco Co., Inc.,* 974 F. Supp. 1245, 1249 (D. Minn. 1997) (citing *In re Potash Antitrust Litig.,* 866 F. Supp. 406, 410 (D. Minn. 1994)); in accord *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109, 61 S. Ct 868, 872 (1941). A heavy burden of proof is on the party contesting a remand motion. 14A Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction 2d § 3739 (1994).

After careful review of the record and briefs of the parties on this issue, the Court finds that federal jurisdiction exists in this case. Defendants assert that removal is appropriate because Plaintiffs' action arises under the provisions of the Employee Retirement Income Security Act of 1974 ( "ERISA"), 29 U.S.C. §1001 et. seq. Plaintiffs argue that their Complaint states causes of action for breach of Defendants' contractual and professional duties to Plaintiffs. Plaintiffs

contend that they do not seek to recover under the plan or on behalf of the plan therefore the complaint does not fit within §502(a).

Generally, the jurisdiction of a federal court is governed by the "well-pleaded complaint rule." This rule provides that federal question jurisdiction exists only where the federal question is present on the face of the plaintiff's properly pled complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425 (1987). However, the United States Supreme Court has created an exception to the well-pleaded complaint rule known as the complete preemption doctrine.

> The doctrine states that when the preemptive force of a statute is 'extraordinary,' it 'converts an ordinary common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' This exception prohibits a plaintiff from defeating removal by failing to plead necessary federal questions in a complaint and allows a defense of federal preemption as a basis for removal.

*Hanson v. Blue Cross Blue Shield of Iowa*, 953 F.Supp. 270, 273 (N.D. Iowa 1996)(quoting *Caterpillar*, 482 U.S. at 393; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S. Ct. 1542, 1547 (1987)). The United States Supreme Court and the Eighth Circuit Court of Appeals have found complete preemption in the area of ERISA. *Hanson*, 953 F.Supp. at 273.

There are two types of preemption under ERISA: "complete preemption" under ERISA § 502, 29 U.S.C. § 1132, and "express preemption" under ERISA § 514, 29 U.S.C. § 1144. Express preemption differs from complete preemption. Section 514(a) states that ERISA preempts any state law that "relate[s] to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has recognized that this preemption language is "conspicuous for its breadth." *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). However, the Court has acknowledged, that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan."

*Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). To determine whether a state action "relates to" an employee benefit plan covered by ERISA, the Court applies a two-part test. *Wilson v. Zoellner,* 114 F.3d 713, 716 (8th Cir. 1997). A law relates to a covered employee benefit plan for purposes of ERISA if it has (1) "a connection with" or (2) "reference to such a plan." *Parkman v. Prudential Ins. Co. of America,* 439 F.3d 767, 771 (8th Cir. 2006).

An action is subject to removal "where a claim 'relate[s] to any employee benefit plan' 29 U.S.C. §1144(a), such that the claim is preempted by federal law, and the claim seeks to recover benefits due or to enforce rights under the terms of a plan, 29 U.S.C. §1132(a)." *Neumann v. AT&T Comm, Inc*., 376 F. 3d 773, 779 (8th Cir. 2004) *citations omitted*.

ERISA § 502(a) provides, "A civil action may be brought by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "The United States Supreme Court has concluded that suits under section 502(a) of ERISA present a federal question for purposes of federal court jurisdiction. Causes of action within the scope of, or that relate to, the civil enforcement provisions of 502(a) are removeable to federal court despite the fact the claims are couched in terms of state law." *Hull v. Fallon*  188 F.3d 939, 942 (8th Cir.1999) *citations omitted*.  A state-law cause of action is completely preempted "if an individual, at some point in time, could have brought his claim under [ERISA § 502], and where there is no other independent legal duty that is implicated by a defendant's actions." *Prudential Ins. Co. Of America v. National Park Medical Ctr.,* 413 F.3d 897, 914 (8th Cir. 2005) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

Plaintiffs, Bill and Edith Ramsey filed suit against Stephens Inc. d/b/a Stephens Capital Management ("Stephens") and Southeastern Employee Benefit Services, Inc., First Charter Corporation and Paychex, Inc. (collectively, "SEBS") based on alleged acts and omissions in connection with the creation, funding and administration of a retirement plan governed by ERISA.  The Complaint alleges that Plaintiffs are participants in and beneficiaries of the plan, which their employer, Sunrise Arkansas, Inc. sponsors; that Stephens and SEBS are plan administrators and fiduciaries; and, that in creating and administering the plan, Stephens and SEBS negligently breached fiduciary duties.  Plaintiffs claim to assert a state law breach of contract claim against SEBS, the third-party administrator of the plan, for alleged breach of the plan's Administrative Services Agreement ("ASA") and a state law negligence claim against SEBS and Stephens based on their alleged breach of fiduciary duties in providing services to the plan as required by the ASA and other plan documents.

Plaintiffs' complaint asserts that the Defendants owed to them fiduciary duties in connection with the establishment and administration of the ERISA plan.  They claim that Stephens and SEBS selected an inappropriate funding method for the plan and failed to report annually as to the funding status of the plan.  There is no dispute that Plaintiffs are plan participants and Plaintiffs allege that Defendants are administrators and fiduciaries.  Section 502(a) provides that "A civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.  29 U.S.C. §1132(a)(1)(B).  Further, ERISA Section 502(a)(2) allows a participant or beneficiary to seek appropriate relief against a plan fiduciary for losses to the plan caused by a breach of fiduciary duty owed to the

plan. 29 U.S.C. 1109.  Plaintiffs' complaint seeks to hold the Defendants liable for an alleged funding shortfall in the Plan and for the alleged breach of fiduciary duties.    This action by plan participants against plan administrators and fiduciaries falls within the civil enforcement provision of ERISA and is completely preempted.

Additionally, the Court finds that Plaintiffs' state law claims are directly connected to, and thus "relate to" an employee benefit plan pursuant to §514(a).  In *Consolidated Beef Indus. Inc. v. New York Life Ins. Co.,* 949 F. 2d 960, 964 (8th Cir. 1991) the Eighth Circuit Court of Appeals found that "given ERISA's broad preemption provision, state law claims for improper plan administration are preempted." *Id.* at 963.  Further, the court found that even if the plaintiff's claims involved misrepresentation in the sale of the plan, "its claims still relate to the employee benefit plan." *Id*. at 964.  *See also, Howard v. Coventry Health Care of Iowa, Inc.*, 293 F.3d 442, 446 (8th Cir. 2002) (finding that ERISA preempts claims by a plan participant for breach of contract, violation of public policy and bad faith premised on the argument that the plan failed to provide certain benefits). Here Plaintiffs' claims relate directly to the creation, funding and administration of the plan.  Accordingly, Plaintiffs' claims are expressly preempted.

Wherefore, Defendants' removal of this cause of action was appropriate.  Accordingly, Plaintiffs' motion for remand (Docket #12) is denied.

IT IS SO ORDERED this 24th day of January, 2008.

_____
James M. Moody
United States District Judge