IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BILL and EDITH RAMSEY and
SUNRISE ARKANSAS INC.
PLAN SPONSOR                                                                               PLAINTIFFS

VS.                                    CASE NO.  4:07CV00790

SOUTHEASTERN EMPLOYEE BENEFIT
SERVICES, INC., FIRST CHARTER
CORPORATION, PAYCHEX, INC., and
STEPHENS INC. d/b/a STEPHENS
CAPITAL MANAGEMENT                                                                     DEFENDANTS

## ORDER

Pending are Defendants' motions to dismiss.  (Docket #'s 45 and 47).  Plaintiffs have responded and reply briefs have been filed.  On January 24, 2008 the Court entered an Order denying Plaintiffs' motion to remand based upon a finding that Plaintiffs' claims were preempted by ERISA.  On the same date the Court entered an Order denying the Defendants' motions to dismiss finding that the Plaintiffs should be allowed an opportunity to amend their complaint to state a viable cause of action.  Plaintiffs filed their amended complaint on February 13, 2008 alleging that the Defendants exercised discretionary management and control over the Plan. Plaintiffs allege that the Defendants breached their fiduciary duties to the Plan and participants by misrepresenting the solvency of the Plan.  Plaintiffs claim that the Defendants failure to disclose the sever under funding violates both the duty of loyalty and the duty of prudence under ERISA.  Plaintiffs seek monetary and injunctive relief.  Defendants claim that Plaintiffs' complaint fails to state a claim as a matter of law.

Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept

as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). Furthermore, a court should construe the complaint liberally in the light most favorable to the plaintiff. *See Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866, 867 (8th Cir.2005). The federal rule that governs pleadings requires only that a complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This short and plain statement must provide "fair notice of the plaintiff's claim and grounds for relief." *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir.1994). The plaintiff need not provide specific facts in support of their allegations, *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n. 3.

Plaintiffs' complaint asserts three causes of action against the Defendants. First, pursuant to Section 502(a)(1)(B), the Ramsey's seek to recover for breach of fiduciary duties claiming that the Defendants, Stephens and Southeastern Employee Benefit Services, Inc., and its alleged successors-in-interest (collectively "SEBS") are fiduciaries as that term is defined under Section 502(a)(2), that the Defendants exercised discretionary responsibilities over Plan management and administration, advised and controlled the Plan assets and that Stephens had a fiduciary responsibility under ERISA to monitor, control, and oversee Defendant SEBS. Second, pursuant to Section 502(a)(2), the Ramsey's and Sunrise claim that as a result of the fiduciary breaches, Defendants should be liable to the Plan for any loss to the Plan including the underfunded liability. Third, pursuant to Section 502(a)(3), the Ramseys and Sunrise claim that the Defendants failed to administer the Plan prudently and sought to conceal the underfunding.

Defendants claim that Plaintiffs have not stated a cause of action under ERISA Section 502(a)(1)(B) (seeking to recover benefits or enforcing or clarifying rights under an ERISA Plan) because they do not allege that they are entitled to unpaid benefits under the actual terms of the Plan, instead, Plaintiffs' seek benefits based on what the Ramseys contend the Plan's benefits should have been; under ERISA Section 502(a)(2) (breach of fiduciary duty) because they contractually agreed that SEBS and Stephens did not have any fiduciary responsibilities and neither SEBS or Stephens is a fiduciary under ERISA; and under ERISA Section 502(a)(3) (seeking equitable relief or for a violation of ERISA or to enforce the terms of the Plan) because the Defendants have not violated ERISA or the terms of the Plan.

Construing the complaint liberally in the light most favorable to the Plaintiffs, as the Court is required to do at this stage of the pleadings, the Court finds that Plaintiffs have stated a cause of action under Section 502(a)(1)(B) for benefits "under the terms of the Plan." Additionally, the Court finds that there are sufficient allegations that the Defendants in fact administered the Plan to state a cause of action under ERISA for the recovery of benefits due to them. *See, Hall v. Lhaco, Inc.*, 140 F.3d 1190 (8th Cir. 1998) (the proper party against whom a claim for ERISA benefits may be brought is the party that controls administration of the plan). Plaintiffs argue that they have been deprived of their Plan benefits and seek to recover them. Further, Plaintiffs claim that as of 2006 there was an unfunded liability in excess of $1.4 million and because the Plan is so underfunded, federal law precludes payment of the Ramsey's benefits thus the exhaustion of administrative remedies would be futile. *See, Burds v. Union Pacific Corp.*, 223 F.3d 814, 817 n.4(8th Cir. 2000).

The Court also finds that the Plaintiffs have adequately pleaded Defendants' status as an

ERISA fiduciary to survive a motion to dismiss. The question at this stage of the litigation is not whether Defendants will ultimately be found to have been fiduciaries, but whether Plaintiffs have alleged sufficient facts in the Amended Complaint, which taken as true, create a plausible claim to relief. "Fiduciary status is a fact sensitive inquiry and courts generally do not dismiss claims at this early stage where the complaint sufficiently pleads defendants' ERISA fiduciary status." *In re Schering-Plough Corp.*, No. Civ. A. 03-1204, 2007 WL 2374989, at *7 (D.N.J. Aug. 15, 2007). While the documents that Defendants have proffered in support of their argument that they are not fiduciaries may ultimately establish such as fact, Plaintiffs should be allowed the opportunity to come forth with testimony or other documentary evidence which would prove their allegations of a fiduciary relationship. Finally, the Court finds no basis to dismiss Plaintiffs' complaint based upon the statute of limitations. The Amended Complaint asserts that the Plaintiffs gained knowledge that the Plan was severely underfunded in late 2006. The Complaint contains no admission of "actual knowledge" more than three years before the filing of the Complaint, therefore, dismissal based on the statute of limitations is not proper at this time.

For these reasons, the Court finds that Plaintiffs have alleged sufficient facts to maintain, at least at this early stage of the proceedings, an ERISA claim under § 502(a)(1)(2), (a)(2) and (a)(3). Defendants' motions to dismiss are denied.

IT IS SO ORDERED this 26th day of September, 2008.

_____
James M. Moody
United States District Judge