IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| BILL and EDITH RAMSEY, and<br>SUNRISE ARKANSAS INC. PLAN SPONSOR | PLAINTIFFS |
| v. No. 4:07-CV-00790 JMM | |
| SOUTHEASTERN EMPLOYEE BENEFIT<br>SERVICES, INC., FIRST CHARTER<br>CORPORATION, PAYCHEX, INC., and<br>STEPHENS INC. d/b/a STEPHENS<br>CAPITAL MANAGEMENT | DEFENDANTS |
| STEPHENS INC. d/b/a STEPHENS<br>CAPITAL MANAGEMENT | THIRD-PARTY<br>PLAINTIFF |
| v. | |
| SUNRISE ARKANSAS, INC.<br>DEFINED BENEFIT PLAN,<br>ITW SAVINGS AND INVESTMENT PLAN, and<br>ILLINOIS TOOL WORKS INC. MASTER<br>PENSION TRUST | THIRD-PARTY<br>DEFENDANTS |

## ORDER

Pending are Third-Party Defendants, ITW Savings and Investment Plan and Illinois Tool Works, Inc., Master Pension Trust (the ITW plans) and Sunrise Arkansas, Inc., Defined Benefit Plan (the Sunrise plan) motion for summary judgment on the Third-Party Complaint of Stephens, Inc., d/b/a Stephens Capital Management (Stephens) (docket # 111); Stephens' cross motion for summary judgment, (docket # 120) and, Stephens' motion for leave to file a counterclaim, (docket # 90). For the reasons stated herein, the Third-Party Defendants' motion for summary judgment is GRANTED,

Stephens' motion for summary judgment is DENIED and Stephens' motion for leave to file a counterclaim is DENIED.

## Brief History

The history of this case is set forth in the Court's Order granting the Defendants' motions for summary judgment based on mootness and will not be repeated herein. The Court will set out the material facts relating to the counterclaim of Stephens subject to the pending motion and cross motion for summary judgment.

After the Ramseys filed this suit against Stephens, Stephens made demands for indemnification upon the Sunrise Plan. On November 6, 2008 Stephens filed a Third Party Complaint against Sunrise Arkansas, Inc. Defined Benefit Plan, ITW Savings and Investment Plan and Illinois Tool Works, Inc. Master Pension Trust seeking a declaratory judgment and indemnification under the terms of four Investment Management and Plan Services Agreements between Stephens and the Plan. Stephens also seeks recovery of its attorneys' fees and costs under the terms of the Investment Management and Plan Services Agreements and Ark. Code Ann. §16-22-308. In light of the sale of Sunrise to Illinois Tool Works, Inc., Stephens seeks leave of Court to file a counterclaim against Bill and Edith Ramsey and Sunrise Arkansas, Inc. alleging various state-law claims including claims under the Arkansas Fraudulent Transfer Act, Ark. Code Ann. §4-59-201 et. seq. and for breach of express and implied contract; tortious interference with contract; constructive trust; unjust enrichment; conversion and for injunctive relief.

The Third Party Defendants argue that ERISA preempts the claims of Stephens; the indemnity agreements between Stephens and the Sunrise Plan are unenforceable as a matter of law under ERISA; the Sunrise Plan has terminated; and the ITW Plans are not liable to Stephens as successors to the Sunrise Plan. Stephens responds arguing that it was not an ERISA fiduciary with respect to the matters alleged in the Plaintiff's amended complaint; the contracts of indemnity are otherwise valid and enforceable; ERISA does not preempt Stephens' state law claims because they do not arise under ERISA or relate to the Sunrise Plan; the termination of the Sunrise Plan had no effect on the Sunrise Plan's liability and there is a genuine issue of material fact with regard to whether the ITW Plans, as successors to the Sunrise Plan, are liable to Stephens. Stephens contends that there are no genuine issues of material fact as to the third-party claims against the Sunrise Plan, and it is entitled to summary judgment as a matter of law on those claims.

By order entered on this date, the Court granted the Defendants' motions for summary judgment based on mootness, finding the Plaintiffs' claims moot as they are no longer "participants" as defined by ERISA. In light of this finding, Stephens' claim for contribution is moot. Stephens' remaining claim for indemnification and declaratory judgment relate to the recovery of attorneys' fees and costs under the terms of the Investment Management and Plan Services Agreements between Stephens and the Plan and Ark. Code Ann. §16-22-308. The Court will not reach the issue of whether Stephens acted as a fiduciary or breached fiduciary duties as alleged by Plaintiffs; the parties have presented evidence demonstrating genuine issues of material fact on these issues.

However, the Court will examine whether Stephens is entitled to indemnity under the terms of the agreements or under Arkansas law.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence,

4

>       specific facts, showing that there is a genuine dispute on
>       that issue. If the respondent fails to carry that burden,
>       summary judgment should be granted.

*Id.* at 1339. (*quoting City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (*citations omitted*)(*brackets in original*)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

<u>Discussion</u>

Stephens and the Sunrise Plan entered into four contracts called Investment Management and Plan Services Agreements. These agreements dated, March 1, 2003, January 1, 2005, June 1, 2005 and February 13, 2007 purport to define the responsibilities of the parties with respect to their relationship. Plaintiffs and the Third Party Defendants contend that Stephens' responsibilities included duties it assumed through verbal agreements with the Sunrise Plan and the Ramseys and are not limited to those responsibilities set forth in the Agreements. Stephens argues that its sole responsibilities are those set forth in the Agreements. Stephens does not dispute that it had the following responsibilities to the Sunrise Plan pursuant to these Agreements and a Retirement Plan Responsibilities Summary: (1) to provide timely application of financial transactions; (2) to maintain investment records; (3) to provide reports showing fund activity and account balances; (4) to provide information required by securities regulatory agencies, (5) to disburse Sunrise Plan assets as directed by Sunrise, (6) to act as an investment advisor to the Sunrise Plan, and (7) to render advice to the Sunrise Plan regarding the Plan's investments.

Under ERISA, "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C.A. § 1002(21)(A).

Each Investment Management and Plan Services Agreement entered between Stephens and the Sunrise Plan contained indemnity language. The 2003, January 2005 and June 2005 Agreements contained the following language:

> The Plan specifically acknowledges and agrees that ...(b) except for gross negligence or willful misconduct, neither Stephens nor any of its officers . . . shall be liable hereunder for any action performed or omitted to be performed . . . . Nothing herein shall in any way constitute a waiver or limitation of any rights that the Plan may have under any securities laws. To the extent consistent with the foregoing, Plan agrees to indemnify and hold harmless Stephens . . . from any and all losses, costs, damages, obligations or liabilities that may be incurred by Stephens as a result of its . . . services to the Plan or any Plan account or any Plan participant pursuant to the terms of this Agreement and shall reimburse Stephens for any attorney fees or costs resulting from any claim or litigation. . . . .

The indemnity language of the February 2007 agreement provided:

> The Plan specifically acknowledges and agrees that ...(b) except for gross negligence or malfeasance neither Stephens nor any of Stephens' officers . . . shall be liable hereunder for any action performed or omitted to be performed . . . . No provision of this Agreement shall in any way constitute a waiver or limitation of any rights, which the Plan may have under any securities laws or

6

> under ERISA. To the extent consistent with the foregoing, the Plan agrees to indemnify and hold harmless Stephens . . . from any and all liability that may be incurred by Stephens as a result of its rendering advice or other services to the Plan pursuant to the terms of this Agreement and shall reimburse Stephens for any attorney fees or costs resulting from any such claim or litigation.

Stephens seeks recovery of its attorneys' fees and costs under the terms of these Investment Management and Plan Services Agreements and Ark. Code Ann. §16-22-308. Additionally, Stephens seeks leave of Court to file a counterclaim against Bill and Edith Ramsey and Sunrise Arkansas, Inc. alleging various state-law claims including claims under the Arkansas Fraudulent Transfer Act, Ark. Code Ann. §4-59-201 et. seq. and for breach of express and implied contract; tortious interference with contract; constructive trust; unjust enrichment; conversion and for injunctive relief.

The Third Party Defendants argue that ERISA preempts the claims of Stephens. Stephens argues that it was not an ERISA fiduciary with respect to the matters alleged in the Plaintiffs' amended complaint, the contracts of indemnity are valid and enforceable and ERISA does not preempt Stephens' state law claims because they do not arise under ERISA or relate to the Sunrise Plan.

As a threshold matter, the Court must determine if Stephens' state law claims are preempted by ERISA. Section 514(a) states that ERISA preempts any state law that "relate[s] to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has recognized that this preemption language is "conspicuous for its breadth." *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). However, the Court has acknowledged, that "[s]ome state actions may affect employee benefit plans in too

tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). To determine whether a state action "relates to" an employee benefit plan covered by ERISA, the Court applies a two-part test. *Wilson v. Zoellner,* 114 F.3d 713, 716 (8th Cir. 1997). A law relates to a covered employee benefit plan for purposes of ERISA if it has (1) "a connection with" or (2) "reference to such a plan." *Parkman v. Prudential Ins. Co. of America,* 439 F.3d 767, 771 (8th Cir. 2006).

Stephens claims arise from the language of the agreements set forth above. The agreements purport to grant Stephens the right to indemnity including the recovery of any attorneys fees and costs incurred by it as a result of a claim relating to any action it performed or failed to perform except for gross negligence or malfeasance. Each contract further provides that nothing contained in the provisions of the contract should constitute a waiver or limitation of any rights that the Plan may have under any securities laws. Thus, pursuant to the terms of the Agreements, the Court would be required to determine if the provisions relating to indemnity are valid under ERISA. *See, Travelers Casualty and Surety Company of America v. IADA Services, Inc*., 497 F. 3d 862 (8th Cir. 2007)(finding state common law claims for contribution preempted by ERISA where the Court would be required to examine the relative culpability of alleged co-fiduciaries for ERISA violations). The Court finds that Stephens' state law claims to recover attorneys fees and costs from the Plan are directly connected to, and thus "relate to" an employee benefit plan pursuant to §514(a).

Section 410(a) of ERISA, 29 U.S.C. § 1110(a), provides that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy."  As the Court recognized in its Order entered January 28, 2009, the Seventh Circuit Court of Appeals has stated that § 410(a) nullifies any provision indemnifying a pension fiduciary who has been found liable. *Packer Engineering, Inc. v. Kratville,* 965 F.2d 174, 175 (7th Cir. 1992)(recognizing that §410 does not preclude indemnification of a fiduciary wrongly accused).  S*ee also*, *IT Corp. v. General American Life Ins. Co.*, 107 F.3d 1415 (9th Cir. 1997)(holding that a contract exonerating an ERISA fiduciary from fiduciary responsibility is void as a matter of law).  The pension plan at issue in *Packer*, and upon which the court relied in awarding costs and attorneys fees, provided that the fees would by paid by the employer.  The court specifically directed that the plan at issue, consisting of the retirement income of the current and former employees of Packer, should not be deprived of assets, "none of that money shall come from the plan." *Packer*, 965 F. 2d at 175.

The Department of Labor has issued a regulation interpreting section 410's application to indemnification agreements.  The regulation provides in part:

> The Department of Labor interprets this section to permit indemnification agreements which do not relieve a fiduciary of responsibility or liability under Part 4 of Title I. Indemnification provisions which leave the fiduciary fully responsible and liable, but merely permit another party to satisfy any liability incurred by the fiduciary in the same manner as insurance purchased under section 410(b)(3), are therefore not void under section 410(a).
>
> Examples of such indemnification provisions are:

9

> (1) Indemnification of a plan fiduciary by (a) an employer, any of whose employees are covered by the plan, or an affiliate (as defined in section 407(d)(7) of the Act) of such employer, or (b) an employee organization, any of whose members are covered by the plan; and
>
> (2) Indemnification by a plan fiduciary of the fiduciary's employees who actually perform the fiduciary services.
>
> **The Department of Labor interprets section 410(a) as rendering void any arrangement for indemnification of a fiduciary of an employee benefit plan by the plan.** Such an arrangement would have the same result as an exculpatory clause, in that it would, in effect, relieve the fiduciary of responsibility and liability to the plan by abrogating the plan's right to recovery from the fiduciary for breaches of fiduciary obligations.

29 C.F.R. § 2509.75-4, emphasis added.

The indemnification agreements at issue purport to relieve Stephens of responsibility or liability, even if acting as a fiduciary. The agreements do not contain language which could be interpreted as leaving Stephens liable "for any breach of fiduciary duties," to the extent it is found to have acted in a fiduciary capacity. The agreements provide that except for gross negligence, willful misconduct or malfeasance, the Plan agrees that Stephens will not be liable for **any** act performed or omitted to be performed and must reimburse Stephens for any attorney fees or costs resulting from any such claim or litigation. Further, the Agreements provide for the recovery of attorneys fees and costs from the Plan, an arrangement considered void by the Department of Labor and invalid under Section 410.

The fact that there is no finding that Stephens acted as a fiduciary with regard to the issues in the Amended Complaint and breached those duties does not effect the ruling

on this issue. *See, Donovan v. Cunningham*, 541 F. Supp. 276 (S.D. Tex. 1982), *rev'd in part on other grounds*, 716 F.2d 1455 (5th Cir. 1983)( finding an indemnification agreement invalid stating, "that there is no adjudication of [the defendant's] status as fiduciary does not affect the court's ruling on this question. The goal is to protect the [plan] from suffering any expense of this suit...."). *See also, Fernandez v. K-M Industries Holding Co.*, 2009 WL 2579643 (N.D. Cal. 2009)( finding an indemnification provision in a Trustee engagement agreement invalid). The Court finds these indemnification agreements invalid. Because the proposed claims contained in Stephens' counterclaim are based upon the existence of a valid and enforceable indemnity agreement between it and the Plan, Stephens' motion for leave to file a Counterclaim is denied as moot.[1]

## Conclusion

Wherefore, the Third-Party Defendants' motion for summary judgment, docket # 111, is GRANTED, Stephens' motion for summary judgment, docket # 120, is DENIED and Stephens' motion for leave to file a counterclaim, docket #89, is DENIED.

IT IS SO ORDERED this 7th day of January, 2010.

James M. Moody
United States District Judge

---

[1] Futility is a valid basis for denying leave to amend. *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818 (8th Cir. 2009).