IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BILL and EDITH RAMSEY, and
SUNRISE ARKANSAS INC. PLAN SPONSOR       PLAINTIFFS

v.                      No. 4:07-CV-00790 JMM

SOUTHEASTERN EMPLOYEE BENEFIT
SERVICES, INC., FIRST CHARTER
CORPORATION, PAYCHEX, INC., and
STEPHENS INC. d/b/a STEPHENS
CAPITAL MANAGEMENT                       DEFENDANTS


STEPHENS INC. d/b/a STEPHENS
CAPITAL MANAGEMENT                       THIRD-PARTY
                                         PLAINTIFF

v.

SUNRISE ARKANSAS, INC.
DEFINED BENEFIT PLAN,
ITW SAVINGS AND INVESTMENT PLAN, and
ILLINOIS TOOL WORKS INC. MASTER
PENSION TRUST                            THIRD-PARTY
                                         DEFENDANTS

## ORDER

Pending is Stephens Inc.'s ("Stephens") Motion for Fees and Costs. (Docket #135). For the reasons stated herein, the motion is DENIED.

### History

Plaintiffs, Bill and Edith Ramsey filed suit in state court on July 27, 2007, purporting state common law claims based upon alleged acts and omissions in connection with the creation and administration of the Sunrise Employee Benefit Plan ("Plan"). On August 31, 2007, the Defendants removed this action to this court on the basis of ERISA preemption. In September 2007, Defendants Stephens and SEBS filed

separate motions to dismiss alleging that although ERISA governed the Plaintiffs' causes of action, the Plaintiffs had failed to state an ERISA cause of action as a matter of law. Plaintiffs moved to remand the case to state court. By Orders entered January 24, 2008, the Court denied the Ramseys' motion to remand, holding that ERISA preempted Plaintiffs' state law claims; denied the Defendants' motions to dismiss, and ordered the Plaintiffs to file an amended complaint to state a viable cause of action under ERISA. On February 13, 2008, Plaintiffs filed their Amended Complaint alleging three ERISA claims. Defendants filed motions to dismiss Plaintiffs' Amended Complaint. These motions were denied by Order entered September 26, 2008.

On or about January 31, 2008, Sunrise entered into a Stock Purchase Agreement ("Agreement") with Illinois Tool Works, Inc. ("ITW"). The Agreement provided for the transfer of all of the outstanding Sunrise stock to ITW in exchange for payment of $12,000,000. At the time of the sale of Sunrise stock to ITW, the present value of the accrued benefits owed to the beneficiaries of the Plan exceeded the assets in the Plan by $1,500,000, as determined by ITW. ITW insisted that the Agreement include terms requiring that the Sunrise Plan be fully funded and terminated for the sale to continue. The Agreement provided that ITW would withhold from the purchase price $1,500,000 to cover the shortfall in the Plan. Following the stock purchase, ITW deposited just over $1,500,000 in the Plan's Stephens' account to cover the unfunded liabilities of the Plan. ITW withheld this amount from the $12,000,000 it paid for Sunrise. In late November 2008, the new trustee of the Plan instructed Stephens to disburse the funds to the Sunrise beneficiaries ("Distribution Letter"). ITW made the final contribution necessary to fully

fund the Plan in 2009. Stephens then issued the distribution checks to the Ramseys and the other participants in the Plan as requested by the Distribution Letter.

Stephens subsequently moved for summary judgment on all claims in Plaintiffs' amended complaint based on mootness. On January 7, 2010, the Court entered summary judgment in favor of Defendants finding that the Plaintiffs' claims were moot because they were no longer "participants" as defined by ERISA. The Court held that the distribution of benefits and termination of the Plan fully satisfied the claims asserted by Plaintiffs in the amended complaint and rendered Plaintiffs' amended complaint moot and the proposed second amended complaint futile.

Stephens now seeks attorneys fees in the amount of $111,609.00 and costs in the amount of $1,515.80 pursuant to 29 U.S.C. §1132(g)(1) and Fed. R. Civ. P. 54(d).

## Discussion

Under §502(g) of ERISA, a court may in its discretion award reasonable attorney's fees and costs to the prevailing party. 29 U.S.C. §1132(g). The Court should consider five factors in determining whether to award fees: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984). These factors are to be considered as guidelines and are "by no means

exclusive or to be mechanically applied." *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002).  Although the Court may consider awarding attorney's fees and costs to either party, the Eighth Circuit has reversed a district court's award of fees to a prevailing defendant where the plaintiff brought the claim in good faith.  *See, Maune v. Int'l Broth. of Elec. Workers, Local No. 1, Health & Welfare Fund*, 83 F.3d 959, 964 (8th Cir. 1996), *see also, Pendleton v. Quiktrip Corporation*, 567 F.3rd 988 (8th Cir. 2009)(upholding the denial of fees where the plaintiff believed he had a valid claim), *Consolidated Beef Indus., Inc. v. New York Life Ins.*, 949 F.2d 960, 966 (8th Cir. 1991) (denying attorney's fees to defendant who prevailed when the plaintiff's claims involved legal issues that were serious and sufficiently debatable), *cert. denied*, 503 U.S. 985 (1992).

      The Court finds that the Plaintiffs did not bring their claims in bad faith nor did their claims become frivolous once the sale of Sunrise occurred.  Although the Court found that the Plaintiffs' claims became moot based upon the distribution of benefits and the termination of the Plan, the Court did so only after a thorough briefing, oral argument and an analysis of whether Plaintiffs continued to have a colorable claim under existing Eighth Circuit precedent and recent Supreme Court precedent.   The Court did not find that Plaintiffs' initial claims lacked merit as the sale of the Plan satisfied their claims.

      The Court also finds that an award of fees to Stephens could discourage other plan participants from bringing claims to enforce their rights under an employee benefit plan.  The Eighth Circuit has recognized that "[t]hese factors clearly weigh against awarding attorney's fees to [a prevailing defendant], especially in light of the fact that

section '1132(g), like the rest of ERISA, is remedial legislation that should be construed liberally in favor of those persons it was meant to benefit and protect, namely, participants in and beneficiaries under covered pension and welfare plans.'" *Maune,* 83 F.3d at 964, citations omitted.

Stephen's request for costs pursuant to Fed. R. Civ. P. 54 is also denied as the Court finds the depositions of Edith Ramsey and Ed Frost to be expenses incidental to normal trial preparation. *Little Rock Cardiology Clinic, PA v. Baptist Health*, 591 F.3d 591 (8th Cir. 2009) (district courts have broad discretion over the award of costs to a prevailing party).

In light of these findings, Stephen's motion for attorney's fees and costs is DENIED.

IT IS SO ORDERED this 20th day of July, 2010.

_____
James M. Moody
United States District Judge